UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOE LEE FULGHAM, #170034,

    Petitioner,

v.                                   ACTION NOS. 2:16cv1 (Lead Case),
                                                2:15cv502 & 2:16cv21

JACK BARBER, M.D.,
Interim Commissioner, Virginia Department of
Behavioral Health and Development Services,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joe Lee Fulgham ("Fulgham"), a resident of the Virginia Center for Behavioral Rehabilitation, filed a pro sé petition for habeas relief under 28 U.S.C. § 2254 in this court on January 4, 2016. No. 2:16cv1 (ECF No. 1). Fulgham is a frequent habeas filer and currently has three habeas actions under 28 U.S.C. § 2254 pending in this court (Nos. 2:15cv502, 2:16cv1, and 2:16cv21). All of Fulgham's petitions appear to challenge his involuntary civil commitment as a sexually violent predator ("SVP") under Virginia Code § 37.2-900. Each case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(l)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of this court. Because Fulgham's claims are procedurally defaulted and time-barred, the undersigned recommends that the court consolidate the three matters under the referenced lead case and dismiss all three actions for the reasons set forth in this Report.

        I.        **STATEMENT OF THE CASE**

In 1990, Fulgham was convicted of attempted forcible sodomy in the Circuit Court for the City of Suffolk and sentenced to seven years in prison, with six years suspended plus ten

years of probation. Commonwealth v. Fulgham, No. CR89F00632 (Va. Cir. Ct. Sept. 27, 1990) (ECF No. 38-1). Under Virginia Code § 37.2-900, Fulgham's conviction for attempted forcible sodomy is considered a "sexually violent offense." Thereafter, Fulgham had a variety of other convictions, probation revocations, and prison infractions. As a result, in 2007 the Commonwealth filed a petition requesting that Fulgham be civilly committed as a sexually violent predator. (ECF No. 38, at 1). Fulgham scored a "5" on the Static-99 Coding Form, making him eligible for review under the civil commitment statute. (ECF No. 38-2). After a hearing in the Suffolk Circuit Court in 2009, during which he was represented by counsel, Fulgham was civilly committed to the custody of the Virginia Department of Behavioral Health and Development Services ("DBHDS"). Commonwealth v. Fulgham, No. 07-751 (Va. Cir. Ct. Aug. 24, 2009) (ECF No. 38-3).

On November 20, 2009, Fulgham, with the assistance of counsel, appealed his initial civil commitment to the Supreme Court of Virginia, arguing that the trial court erroneously concluded that he was a sexually violent predator subject to involuntary commitment. Pet. For Appeal, Fulgham v. Commonwealth, No. 092354 (Va. Nov. 20, 2009) (ECF No. 38-4). The Supreme Court of Virginia refused his appeal on April 27, 2010. Fulgham v. Commonwealth, No. 092354 (Va. Apr. 27, 2010) (ECF No. 38-6). From 2011 to 2016, Fulgham has received the annual reviews required by Virginia Code § 37.2-910 and has appealed his civil commitment after each of his annual reviews. But his appeals have either been refused or procedurally dismissed by the Supreme Court of Virginia. See (ECF No. 38, at 2-3) (summarizing annual reviews in 2011, 2012, 2013, 2014, and 2015). His most recent appeal to the Supreme Court of Virginia was refused December 1, 2015, and a petition for rehearing was refused March 24, 2016. Id. ¶ 9 (ECF No. 38, at 3) (citing Fulgham v. Barber, Record No. 151096).

2

In October of 2011, Fulgham filed a document in the Suffolk Circuit Court, titled "Filing of Malpractice Claims," arguing that he was incorrectly scored on the Static-99 Coding Form rendering him eligible for screening under the SVP statute. Fulgham v. Clarke, No. CL 11-905 (Va. Cir. Ct. Oct. 5, 2011) (ECF No. 38-7). The action was procedurally dismissed on November 27, 2012, for Fulgham's failure to serve the defendant. Fulgham v. Clarke, No. CL 11-905 (Va. Cir. Ct. Nov. 27, 2012) (ECF No. 38-8). Fulgham has yet to file any state habeas petition challenging his initial civil commitment or any of his annual reviews.

On January 4, 2016, Fulgham, proceeding pro sé, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Fulgham also filed two other pleadings which were assigned separate case numbers and opened as new habeas petitions (Nos. 2:15cv502 and 2:16cv21). Although difficult to understand, Fulgham's petition and related pleadings appear to challenge the validity of his civil commitment and classification as a sexually violent predator under Virginia Code § 37.2-900. Specifically, he alleges that his score on the Static-99 form suggesting he was eligible to be detained as an SVP was incorrect. Because Fulgham had several pending habeas petitions in this court and he had not alleged or explained how he had exhausted his federal claims, after receiving his January 4, 2016, petition, the court ordered Fulgham to show cause why the matter should not be dismissed for failure to exhaust available state court remedies. (ECF No. 4).

Following the court's Show Cause Order, Fulgham filed numerous handwritten submissions in this court stating that his civil commitment is unlawful, and that he should be released by DBHDS.[1] See (ECF Nos. 7-25, 40-71). Because some of these handwritten

---

[1] Fulgham has filed dozens of handwritten papers and most do not indicate any particular case number. The court has considered all of these submissions, lodging them in each matter pending the District Court's action on the recommended consolidation. Two documents sought production of trial records (ECF No. 5, Case No. 2:15cv502; ECF No. 6, Case No. 2:16cv1). Discovery on petitions under 28

submissions suggested that Fulgham might be raising a claim about an error in a subsequent annual review of his civil commitment, the court ordered the Respondent to file an Answer pursuant to Rule 5 of the Rules Governing Section 2254. (ECF No. 26). The Respondent timely filed an Answer, (ECF No. 37), Motion to Dismiss, (ECF No. 36), and memorandum in support, (ECF No. 38). Respondent argues that Fulgham's allegations in this current habeas action are procedurally defaulted and time-barred by the one-year statute of limitations provision found in 28 U.S.C. § 2244(d). (ECF No. 38, at 4-6). Fulgham was permitted to file a response and has thus far filed dozens of additional handwritten submissions, (ECF Nos. 40-76), none of which adequately address the merits of the arguments raised in the Respondent's motion. Because Fulgham's claims – as near as they can be deciphered – are both procedurally defaulted and time-barred, this Report recommends that his federal habeas petition be denied.

## II.    RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    Fulgham Has Procedurally Defaulted His Claims Challenging His Civil Commitment.**

Under 28 U.S.C. § 2254(b), a petitioner must exhaust the remedies available in state court before seeking federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Exhaustion occurs when a petitioner in state custody presents all of his claims to the highest state court. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Id. (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Because the procedural bar that leads

---

U.S.C. § 2255 requires leave of court based upon a showing of good cause. Rule 6(a), Rules Governing Sec. 2254 cases. For the reasons stated in this Report and Recommendation, Fulgham cannot demonstrate good cause to produce the original trial records he seeks and his requests for discovery are DENIED.

to exhaustion "provides an independent and adequate state-law ground for the conviction and sentence," a procedurally defaulted claim is barred from federal habeas review "unless the petitioner can demonstrate cause and prejudice for the default." Id. (quoting Gray, 518 U.S. at 162).

Fulgham's claims in his instant habeas petition are procedurally defaulted. As near as the court can identify, Fulgham's claim is that he was improperly subjected to the SVP process because his score on the Static-99 form was incorrect. See (ECF No. 1, at 2). ("While in the Department of Corrections Joe Lee Fulgham scored five or more points on the Static-99 were false and misleading evidence that equaled the cause of Mister Joe Lee Fulgham (unlawful detainment.")). This Static-99 form was prepared as part of his initial civil commitment in 2007. (ECF No. 38-2). Based on the court's review of the record, Fulgham does not appear to have filed a state habeas petition with the Suffolk Circuit Court or the Supreme Court of Virginia challenging his initial civil commitment. Fulgham also failed to present any claim related to his score on the Static-99 form during his direct appeal of his civil commitment in 2009. Pet. for Appeal, Fulgham v. Commonwealth, No. 092354 (Va. Nov. 20, 2009) (ECF No. 38-4). Therefore, he has not presented his claims to the Supreme Court of Virginia. Although Fulgham has not exhausted his state remedies regarding the allegations in his instant petition, he would now be procedurally barred if he were to present his claims in state court. Pursuant to Virginia's habeas statute of limitations, these unexhausted claims are now time-barred and can no longer be presented to the Supreme Court of Virginia. See Va. Code § 8.01-654(A)(2). Because his claims are simultaneously exhausted and defaulted, they are barred from federal review unless Fulgham can demonstrate cause to excuse the default and prejudice from the default. Wolfe v. Johnson, 565 F.3d 140, 158 n. 27 (4th Cir. 2009). In his submissions, Fulgham makes no

attempt to demonstrate cause or prejudice to excuse his default, and the court's own review of the record does not suggest that he could do so. As a result, his claims are not amenable to federal review.[2]

## B. Fulgham's Petition is Time-Barred Under the One-Year Federal Statute of Limitations.

Fulgham's instant habeas petition is also time-barred by the federal statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitations for habeas actions filed by a petitioner "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). A petitioner alleging a violation of federal rights with regard to a state conviction must file a petition for writ of habeas corpus in federal court no later than one year after "the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).[3]

Fulgham's present claim appears to relate to his eligibility for initial civil commitment proceedings, and does not appear to relate to any defect in the process by which his commitment is reviewed. His direct appeal challenging his initial civil commitment was refused by the Supreme Court of Virginia on April 27, 2010. Fulgham v. Commonwealth, No. 092354 (Va. Apr. 27, 2010) (ECF No. 38-6). After the ruling, Fulgham did not submit any additional filings. Because he did not file a petition for writ of certiorari with the United States Supreme Court within ninety days, the judgment therefore became final on July 26, 2010. Accordingly, the statutory deadline for Fulgham to file a federal habeas petition with regard to errors in his initial

---

[2] The court recognizes that Fulgham continues to receive periodic review hearings with the committing court, where he appears with counsel to contest his civil commitment with DBHDS. See Va. Code § 37.2-910.

[3] 28 U.S.C. § 2244 provides three other dates that could begin the statute of limitations. However, neither party argues that subsections (B), (C), or (D), should be the basis for the start date, and therefore this Report does not discuss these alternative dates. See U.S.C. § 2244(d)(1)(B) - (D).

commitment was July 26, 2011. Although Fulgham filed a document in October 2011 that could be construed as a writ of habeas corpus, he filed this document more than three months after the closing of the statutory limitations period. See (ECF No. 38-7). That document – a civil claim which he styled "Filing of Malpractice Claims" related to his score on the Static-99 form, but the Suffolk Circuit Court dismissed his claims for failure of service on November 27, 2012, and Fulgham did not appeal the dismissal. (ECF No. 38-8).

In rare circumstances, an untimely filed habeas petition may be subject to equitable tolling if the petitioner can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented a timely filing. Holland v. Florida, 560 U.S. 631, 634 (2010). However, Fulgham has failed to establish grounds for equitable tolling, and there is no evidence in the record to justify Fulgham's untimely filing.

### III. RECOMMENDATION

For the foregoing reasons, Fulgham's claims set forth in all three separately filed petitions are procedurally defaulted and time-barred. Accordingly, the undersigned RECOMMENDS that the court CONSOLIDATE the separately filed matters (2:15cv502 and 2:16cv21) with the lead case (2:16cv1), GRANT Respondent's Motion to Dismiss (ECF No. 36), and ORDER that Fulgham's petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) be DENIED and the claims DISMISSED with prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the

date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

3. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>; 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Report and Recommendation to the Petitioner and to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 18, 2016

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

**Joe Lee Fulgham**
#170034
Virginia Center for Behavioral Rehabilitation
4901 East Patrick Henry Highway
P.O. Box 548
Burkeville, VA 23922

and an electronic copy was provided to:

**Susan Mozley Harris**
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

**Matthew J. Friedman**
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

Fernando Galindo, Clerk

By_____
     Deputy Clerk

_____, 2016