UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOE LEE FULGHAM, #170034,

    Petitioner,

v.                                            ACTION NOS. 2:16cv1 (Lead Case),
                                                                        2:15cv502 & 2:16cv21
JACK BARBER, M.D.,
Interim Commissioner, Virginia Department of
Behavioral Health and Development Services,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Joe Lee Fulgham ("Fulgham")'s Motion to Reconsider (ECF No. 90) under Federal Rule of Civil Procedure 59(e) following the district court's dismissal of his habeas petitions on September 23, 2016. (ECF No. 87). Fulgham is a frequent habeas filer and has three habeas actions under 28 U.S.C. § 2254 pending in this court (ECF Nos. 2:16cv1, 2:16cv21, and 2:15cv502). All of Fulgham's habeas petitions concern challenges to his involuntary civil commitment as a sexually violent predator ("SVP") under Virginia Code § 37.2-900. This Motion to Reconsider was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of this court. As stated in this court's recommendation to dismiss Fulgham's petitions (ECF No. 77), his claims are procedurally defaulted and time-barred. Upon reconsideration and because there has been no change in the facts or arguments presented, nor any error of law identified, the undersigned recommends that the district court DENY Fulgham's Motion to Reconsider. (ECF No. 90).

1

## I. STATEMENT OF THE CASE

Fulgham was convicted of attempted forcible sodomy in the Circuit Court for the City of Suffolk and sentenced to seven years in prison, with six years suspended plus ten years of probation. Commonwealth v. Fulgham, No. CR89F00632 (Va. Cir. Ct. Sept. 27, 1990). His crime of conviction was considered a "sexually violent offense." Va. Code. § 37.2-900. As a result, the Commonwealth sought to have him civilly committed as a SVP and, after a hearing in 2009, he was so committed to the custody of the Virginia Department of Behavioral Health and Development Services. See Commonwealth v. Fulgham, No. 07-751 (Va. Cir. Ct. Aug. 24, 2009) (ECF No. 38-3). Fulgham has not filed any state habeas petition challenging his initial civil commitment.

On January 4, 2016, Fulgham filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). He also filed two additional pleadings which were assigned separate case numbers and opened as new habeas petitions (Civil Action Nos. 2:15cv502 and 2:16cv21). This court filed a Report and Recommendation that concluded all three petitions should be aggregated and dismissed because they were procedurally defaulted and time-barred. (ECF No. 77). After a de novo review of the objections, the district court adopted the Report and Recommendation, and entered a Final Order dismissing Fulgham's petitions. (ECF No. 87). Among several handwritten pleadings since entry of the Final Order, Fulgham filed the instant Motion to Reconsider (ECF No. 90), which is ripe for judicial review.

## II. ANALYSIS

The "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). The Fourth Circuit has articulated three grounds for relief under Rule

59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Though not specifically stated, this report construes Fulgham's Motion under the third ground, avoiding an error or manifest injustice arising from the dismissal of his petitions.

Upon reconsideration, however, Fulgham has not made any arguments that support a conclusion different from the original dismissal of his petitions. As stated in the previous Report and Recommendation, under 28 U.S.C. § 2254(b) a petitioner must exhaust the remedies available in state court before seeking federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Fulgham has filed no state habeas claims, nor has he preserved the claim raised in this petition on direct appeal. Additionally, petitioner was required to file a petition for writ of habeas corpus in federal court no later than one year after "the judgment [in state court] becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). As far as the court can discern, Fulgham's claim relates to an initial screening test rendering him eligible for detention under the SVP statute. The judgment on his civil commitment became final on July 26, 2010, and his petitions in this court describing this alleged error were filed over 5 years later. Fulgham's Motion for Reconsideration merely reiterates arguments made in his earlier submissions. It does not identify any error in the prior disposition, nor does it even address the legal basis upon which the court declined to reach the merits of his claims. Accordingly, because Fulgham has not shown any reason under Rule 59(e) why the court should deviate from its original recommendation, the undersigned now recommends that Fulgham's Motion to Reconsider be DENIED.

## III. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

October 19, 2016

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

**Joe Lee Fulgham, #170034**
VCBR
4901 E. Patrick Henry Hwy.
P.O. Box 548
Burkeville, VA 23922

A copy of the foregoing Report and Recommendation was electronically mailed this date to the following:

**Leah Ann Darron**
**Susan Mozley Harris**
Office of the Attorney General (Richmond)
202 North 9th Street
Richmond, VA 23219
**Susan Mozley Harris**

Fernando Galindo,
Clerk of Court

By:_____
Deputy Clerk

October 19, 2016

5